IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Rashead Young, #00331509,<br><br>      Petitioner,<br><br>vs.<br><br>South Carolina Department of<br>Corrections, Warden of Evans<br>Correctional Institution,<br><br>      Respondents. | Civil Action No. 6:09-364-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The petitioner, a former state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **FACTS PRESENTED**

  Prior to July 31, 2009, the petitioner was confined to the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment from the Clerk of Court of Newberry County. The petitioner entered a plea of guilty before the Honorable Wyatt T. Saunders on October 27, 2008, to assault with intent to kill. He received a six-year sentence suspended on three years service followed by three years probation. Subsequently, on October 30, 2008, the petitioner pleaded guilty before Judge Saunders to assault and battery of a high and aggravated nature. On that charge, the petitioner received a six-month sentence. The sentences were served concurrently.

The petitioner filed the present action in February 2009. In his petition, he alleges that he was arrested in Philadelphia, Pennsylvania, on November 8, 2006, pursuant to an arrest warrant from South Carolina. He further claims he had an extradition hearing in Pennsylvania on November 16, 2006, and he was ordered to be extradited to South Carolina. The petitioner claims that he was not extradited to Newberry County in South Carolina until April 25, 2008. The petitioner alleges that he was sentenced on October 27, 2008, to a three-year sentence, and that the sentencing judge gave him credit from November 16, 2006, "the day extradition was ordered." The petitioner claims that the SCDC "refuses to give me the time credit as the judge ordered." He alleges that he has addressed this issue with a number of people at the SCDC, to no avail. In his petition, the petitioner asks the court to "grant immediate relief and discharge me from my present confinement" (pet. at 1-2).

The respondents filed a motion for summary judgment on May 19, 2009. By order filed May 20, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on May 29, 2009. The respondents filed a reply on June 8, 2009. On July 31, 2009, the petitioner's sentence expired, and he was released from prison. Accordingly, on August 4, 2009, the respondents filed a supplemental motion for summary judgment arguing that the petition was moot. Another *Roseboro* order was issued on August 5, 20009. The plaintiff updated his address on August 13, 2009, and the *Roseboro* order was mailed to his new address on August 14, 2009. The petitioner did not timely file any opposition to the supplemental motion for summary judgment.

## APPLICABLE LAW AND ANALYSIS

Under 28 U.S.C. §2241(c)(3), in order for the court to have jurisdiction over an action seeking habeas corpus, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." Furthermore, "[u]nder Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). A case is generally determined to be moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quoting *United States Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980)).

A habeas corpus case is not automatically rendered moot upon the release of the prisoner who filed the petition for habeas relief. The United States Supreme Court has ruled that a case is not moot if the issues presented in the case are "capable of repetition, but evading review." *Id.* at 482. "That doctrine, however, is applicable only when there is 'a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Lane v. Williams*, 455 U.S. 624, 634 (1982) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Furthermore, the Supreme Court held that where a petitioner faces potential "collateral consequences" from his conviction after he is released from prison, the case is not mooted upon the inmate's release. *Carafas v. LaVallee*, 391 U.S. 234, 238-40 (1968). However, where a petitioner seeking habeas corpus relief only attacks the execution of his sentence rather than the validity of the conviction for which he was sentenced, the case is mooted upon the inmate's release from prison. *Lane*, 455 U.S. at 631.

Here, the petitioner is challenging only the execution of a sentence that has now expired. He is not challenging the validity of his underlying convictions. Furthermore, it is clear that this is not a situation where the issues presented by the petitioner are

3

"capable of repetition, but evading review." Further, this is not a situation where the petitioner will suffer any collateral consequences resulting from any alleged errors in the calculation of his sentence. Therefore, this case is now moot, and summary judgment should be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondents' supplemental motion for summary judgment (doc. 31) be granted and the habeas petition be dismissed. Should the district court adopt this court's recommendation, the respondents' original motion for summary judgment (doc. 25) will be rendered moot.

s/William M. Catoe<br>
United States Magistrate Judge

September 18, 2009

Greenville, South Carolina